Filed 10/27/15  P. v. Ae CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B262263 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA082211) |
| v. | |
| TONY AE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hayden Zacky, Judge.  Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Tony Ae was charged in a felony complaint with carrying a dirk or dagger in violation of Penal Code section 21310. Ae filed a motion to suppress evidence (Pen. Code, § 1538.5), which was heard in conjunction with his preliminary hearing.

At the preliminary hearing, Los Angeles Police Officer Krikor Torossian testified he and his partner officer were on routine patrol on the night of October 13, 2014, when they saw Ae walking around the parking lot of a motel. Torossian pulled into the parking lot and inquired if Ae was staying at the motel. Ae replied, "Yes," adding that he was on probation, which the officers then confirmed using their patrol car computer. Prior to conducting a pat search, Torossian asked if Ae had anything illegal on his person. Ae replied, "No, go ahead and search me." During the search, Torossian felt a hard object in Ae's pocket, which Ae identified as a knife. Torossian removed a black switch blade knife from Ae's pocket.

At the conclusion of the hearing, defense counsel moved to suppress the knife on the grounds that Ae was unlawfully detained and subjected to a nonconsensual search. Following argument by counsel, the trial court denied the motion. The court then heard and denied defense counsel's motion to dismiss the felony complaint and to reduce the offense to a misdemeanor. Ae was held to answer on the charge.

Ae entered into a negotiated plea of no contest to possession of a dirk or dagger as charged in the information. The trial court suspended imposition of sentence and placed Ae on three years of formal probation on condition he serve 180 days in county jail. The trial court imposed statutory fines, fees and assessments and awarded Ae 64 days of presentence custody credit.

At the time he entered his plea, Ae was advised of his constitutional rights and the nature and consequences of the plea, which Ae stated he understood. Defense counsel joined in the waivers of Ae's constitutional rights and stipulated to a factual basis for the plea. The trial court found a factual basis for the plea and expressly found Ae's waivers and plea were voluntary, knowing and intelligent.

Ae filed a timely notice of appeal, challenging the denial of his motion to suppress evidence.

We appointed counsel to represent Ae on appeal.  After an examination of the record, counsel filed an opening brief in which no issues were raised. On June 12, 2015, we advised Ae he had 30 days in which to personally submit any contentions or issues he wished us to consider.  We have received no response.

We have examined the record and are satisfied Ae's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The judgment is affirmed.

ZELON, Acting P. J.

We concur:

SEGAL, J.

BECKLOFF, J.[*]

---

[*]	Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.